JOSIE DELVIN
BENTON COUNTY CLERK

NOV 04 2022

FILED



SUPERIOR COURT OF WASHINGTON
FOR BENTON COUNTY

| ALEXANDER LEMKE, | Case No.: 22-2-01774-03 |
|---|---|
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES |
| HARBOR FREIGHT TOOLS USA, INC. DBA HARBOR FREIGHT TOOLS AND/OR HARBOR FREIGHT, HOLT INDUSTRIES, | |
| Defendants. | |

Comes now the above-named Plaintiff, Alexander Lemke, and for a claim against defendants, HARBOR FREIGHT TOOLS USA, INC. DBA HARBOR FREIGHT TOOLS AND/OR HARBOR FREIGHT, HOLT INDUSTRIES, states as follows:

### I.   PARTIES

1.1   Plaintiff, Alexander Lemke, is a resident of Yakima County, Washington.

1.2   Defendant, Harbor Freight Tools USA, Inc, is a foreign corporation doing business as Harbor Freight Tools and Harbor Freight and operates business in Benton County WA (Hereinafter "Harbor Freight").

1.3   Defendant, Holt Industries, is a registered trademark of Harbor Freight Tools USA, Inc..

PLAINTIFF'S COMPLAINT — 1

REINIG BARBER HENRY, PLLC
114-A VISTA WAY, KENNEWICK, WA 99301
P: (509) 735-0535 | F: (509) 783-7001

EXHIBIT 1 - Page 1 of 5

## II.    JURISDICTION AND VENUE

2.1    **Jurisdiction**: The Plaintiff was using the Holt Industries manual fluid extractor (Model #56384) that was purchased at the Benton County Harbor Freight store located at 2903 W Kennewick Ave, Kennewick, WA 99336.

2.2    The accident and injury happened in Benton County, WA.

2.3    Defendant Harbor Freight is a Foreign Corporation that operates a retail store in Benton County, WA. They are also the registered owner of the Holt Industries trademark and products, including the manual fluid extractor (Model #56384) that is at issue in this case.

2.4    Benton County Superior Court has jurisdiction over this matter pursuant to Article IV, Section ~ 6 of the Constitution of the State of Washington.

2.5    **Venue**: The above-entitled court is the proper venue for this action pursuant to RCW 4.12.020(3), which states: "the plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides."

## III.    OCCURENCE

3.1    On or about May 22nd, 2022, the Plaintiff Alexander was with his friend Dale Jaquez at his garage, changing the transmission fluid from Alexander's vehicle.

3.2    The Holt Industries Manual Fluid extractor that they were using was purchased less than two weeks before this first use. They read the manual and watched a video on how to operate it before they attempted to use it.

3.3    They put the transmission fluid in, pumped it three times and the liquid was starting to flow into the transmission. Alexander pumped it two more times and the flow looked good. At this point, the extractor exploded, the blue plastic cover housing ring failed and broke into pieces and the handle cover shot up and hit Alexander in the head.

3.4    Alexander sustained mouth, teeth, jaw, lip and head injuries.

3.5    The Holt Industries fluid extractor was returned to the Harbor Freight Store.

## IV. NEGLEGENCE

4.1 Alexander's injuries were the proximate cause of the negligence of Harbor Freight in that the product was not reasonably safe as designed and/or not reasonably safe because of inadequate warnings or instructions.

## V. WASHINGTON PRODUCTS LIABILITY ACT

5.1 The plaintiff, Alexander's harm was proximately caused by the negligence of Harbor Freight because the subject Holt Industries fluid extractor was not reasonably safe as designed and/or not reasonably safe because adequate warnings or instructions were not provided in violation of the Washington Products Liability Act, RCW 7.72 et seq., The defects include, but are not limited to:
   1) The Holt Industries fluid extractor was not reasonably safe in design in that it did not operate safely under foreseeable operating conditions;
   2) The Holt Industries fluid extractor was not reasonably safe because adequate warnings or instructions were not provided about the risks, dangers, or harm presented;
   3) Harbor Freight failed to repair or recall the Holt Industries fluid extractor after they knew or should have known of the design defects;
   4) Harbor Freight failed to exercise reasonable care to inform users of the defect or potential for harm.

5.2 Defendant Harbor Freight is subject to strict liability because the Plaintiff's harm was proximately caused by a product was not reasonably safe and did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW.

## VI. DAMAGES

6.1 As a direct and proximate result of the occurrence, the Plaintiff has incurred reasonable and necessary medical expenses.

6.2 As a direct and proximate result of the occurrence, the Plaintiff has incurred human damages, including pain, suffering, and anguish.

6.3  As a direct and proximate result of the occurrence, the Plaintiff has suffered wage loss and a decreased earning capacity.

6.4  As a direct and proximate result of the occurrence, the Plaintiff will suffer future medical expenses, pain and suffering, and future wage loss.

## VII.  LIMITED PHYSICIAN / PATIENT WAIVER

7.1  The Plaintiff hereby waives the physician-patient privilege only to the extent required by RCW 5.60.060, as limited by the Plaintiff's constitutional right of privacy, contractual right of privacy, and the ethical obligation of physicians and attorneys not to engage in ex-parte contact between a treating physician and the patient's legal adversaries.

## VIII.  RELEIF SOUGHT

WHEREFORE, Alexander Lemke prays for judgment against Defendants as follows:

8.1  Judgement for damages, for medical expenses and future medical care as to be determined at trial;

8.2  Judgement for damages for past and future wage loss;

8.3  General damages for pain and suffering;

8.4  Prejudgment interest as the statutory rate on all items of special damages;

8.5  For an award of attorney's fees and costs incurred herein;

8.6  For such further relief as the court deems just and equitable.

DATED this 3rd day of November, 2022.

REINIG BARBER HENRY, PLLC
Attorney for Plaintiff

By: _____
Levi F. Barber, WSBA #39340

PLAINTIFF'S COMPLAINT — 4

REINIG BARBER HENRY, PLLC
114-A VISTA WAY, KENNEWICK, WA 99301
P: (509) 735-0535  |  F: (509) 783-7001

EXHIBIT 1 - Page 4 of 5

NOV 1 4 2022

EXHIBIT 1 - Page 5 of 5